UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:12-CR-0360-DAD-BAM |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR ENJOIN THE EXPENDITURE OF FUNDS |
| RAYMOND A. GENTILE, | |
| Defendant. | (Doc. No. 101) |

Defendant Raymond A. Gentile is charged by way of indictment with conspiracy to manufacture, distribute and/or possess with the intent to distribute 100 or more marijuana plants in violation of 21 U.S.C. §§ 841 and 846, manufacture of 100 or more marijuana plants in violation of 21 U.S.C. § 841, possession with the intent to distribute 100 or more marijuana plants in violation of 21 U.S.C. § 841 and two counts of making false statements on Firearms Transaction Records in connection with his purchase of guns in violation of 18 U.S.C. § 1001. (Doc. No. 12.)[1]  Trial is currently scheduled for July 19, 2016 at 1:00 p.m.

On April 22, 2016, defendant filed a motion to dismiss the indictment or, alternatively, to enjoin the United States from spending funds to prosecute this action. (Doc. No. 101). The motion came before the court for hearing on May 23, 2016. Attorney Eric K. Fogderude

---

[1] There is also a criminal forfeiture allegation brought in the indictment pursuant to 21 U.S.C. § 853.

1

appeared on behalf of defendant Gentile at the hearing. Assistant U.S. Attorney Karen A. Escobar appeared on behalf of the government. After considering the parties' written submissions and hearing oral argument, for the reasons set forth below, defendant's motion will be denied in its entirety.

Defendant Gentile argues that what has been referred to as the Farr-Rohrabacher Amendment to the Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113-235 § 538, 128 Stat. 2130, 2217 (2014), requires dismissal of the indictment brought against him or, alternatively, an order enjoining the government from spending funds to prosecute this action.[2] In that amendment to the 2015 Appropriations Act, Congress provided that:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Defendant's reliance on this language in seeking dismissal of the indictment or the enjoining of the expenditure of funds by the government is wholly unpersuasive. As has been recognized, the Appropriations Act of 2015 "is a spending bill, effective only for the 2015 fiscal year." *United States v. Pickard*, 100 F. Supp. 3d 981, 1012 (E.D. Cal. 2015). This case was indicted back in 2012 and is now set to finally proceed to trial in 2016. The expenditure of funds by the government in connection with this case during the 2015 fiscal year has not adequately been placed at issue by defendant's motion. In any event, under these circumstances, dismissal of this criminal prosecution in June of 2016 is certainly not required by the Act. Moreover, every court to have considered the argument advanced by defendant here has rejected it and concluded that dismissal of federal criminal charges relating to marijuana is not warranted under the

---

[2] Although not specified by the motion, presumably it is aimed only at the counts of the indictment in which the defendant is charged with violations of the Controlled Substances Act involving marijuana as opposed to the false statement counts brought under 18 U.S.C. § 1001.

Appropriations Act of 2015.  *See United States v. Tote*, No. 1:14-mj-0212-SAB, 2015 WL 3732010, at *2 (E.D. Cal. June 12, 2015) ("Defendant cites no authority which suggests that the proper remedy for the expenditure of funds in violation of the Rohrabacher–Farr Amendment would be the dismissal of the information against Defendant when Congress chose not to repeal the statutory provisions giving rise to criminal liability against Defendant."); *United States v. Silkeutsabay*, No. 13-CR-0130-TOR-1, 2015 WL 2376170, at *2 (E.D. Wash. May 18, 2015) ("Finally, to the extent Defendants' reply brief resubmits argument that the appropriations rider prevents federal prosecution under the CSA, the Court has already considered, and rejected, this argument.  The appropriations rider merely prevents the Department of Justice from using its 2015 fiscal year funds in a manner that interferes with certain conduct sanctioned by state medical marijuana laws.  This rider did not modify or limit the reach of federal prosecutorial authority under the CSA[.]"); *United States v. Gregg*, No. 13-CR-0024-TOR, 2015 WL 1757832, at *5 (E.D. Wash. Apr. 17, 2015) ("[A]s this Court previously found, Congress' recent Appropriations Rider, although acknowledging state sanctioned medical marijuana use, did not repeal any portion of the [Controlled Substances Act]."); *see also Pickard*, 100 F. Supp. 3d at 1012.  The undersigned agrees with the conclusion reached by those courts.[3]

Defendant also broadly argues in passing that the continued classification of marijuana as a Scheduled I controlled substance lacks a rational basis, is arbitrary, violative of equal protection and that the selective enforcement of the federal marijuana law violates the principle of equal sovereignty.  Unfortunately, in advancing these arguments defendant relies upon a case that rejected those arguments long before the pending motion was filed.  *See Pickard*, 100 F. Supp. 3d at 1008-1012.  Moreover, challenges in this area of the kind advanced by defendant have been uniformly rejected by the courts.  *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 491 (2001) (concluding that no medical necessity defense exists for the illegal distribution of marijuana because the Controlled Substances Act "reflects a determination that

---

[3] The government notes that Congress has considered, but failed to pass, a bill that would have actually amended the Controlled Substances Act, as defendant would have the Appropriations Act of 2015 interpreted, to bar the prosecution of individuals engaged in the trade of medical marijuana in those states allowing such.  (Doc. No. 103 at 5, n.2.)

marijuana has no medical benefits worthy of an exception."); *Raich v. Gonzalez*, 500 F.3d 850, 864-66 (9th Cir. 2007); *Sacramento Nonprofit Collective v. Holder*, 552 Fed. Appx. 680, 683 (9th Cir. 2014) (and cases cited therein)[4]; *United States v. Inzer*, No. 8:14-cr-437-T-30 EAJ, 2015 WL 3404672, at * 3 (M.D. Fla. May 26, 2015) ("Whether marijuana should be classified as a Schedule I controlled substance has been debated since the passage of the CSA.  However, in the forty-five years since the CSA was passed, courts have unanimously concluded that Congress could rationally find that marijuana has a high potential for abuse, that it currently has no accepted medical use, and that there is a lack of accepted safety for use of marijuana under medical supervision."); *Gregg*, 2015 WL 1757832, at *5; *United States v. Wilde*, 74 F. Supp.3d 1092, 1098-1100 (N.D. Cal. 2014)

For these reasons, defendant's motion to dismiss the indictment or to enjoin the United States from expending funds in prosecuting this action (Doc. No.  101) is denied.

IT IS SO ORDERED.

Dated:   **June 29, 2016**                                    _____
UNITED STATES DISTRICT JUDGE

---

[4]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).