1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,            No.  1:12-CR-0360-DAD-BAM

12            Plaintiff,

13      v.                                ORDER GRANTING DEFENDANT'S
                                          MOTION IN LIMINE RE EVIDENCE OF
14   RAYMOND A. GENTILE,                  UNCHARGED CRIMINAL CONDUCT IN
                                          PART
15            Defendant.
                                          (Doc. No.  115)
16

17        Defendant Raymond A. Gentile is charged by way of indictment with conspiracy to

18   manufacture, distribute and/or possess with the intent to distribute 100 or more marijuana plants

19   in violation of 21 U.S.C. §§ 841 and 846, manufacture of 100 or more marijuana plants in

20   violation of 21 U.S.C. § 841, possession with the intent to distribute 100 or more marijuana plants

21   in violation of 21 U.S.C. § 841 and two counts of making false statements on Firearms

22   Transaction Records in connection with his purchase of guns in violation of 18 U.S.C. § 1001.

23   (Doc. No. 12.)  Trial is currently scheduled for July 19, 2016 at 1:00 p.m.

24        On July 5, 2016, a hearing was held on the parties' various motions in limine.  Attorney

25   Eric K. Fogderude appeared on behalf of defendant Gentile at the hearing.  Assistant U.S.

26   Attorney Karen A. Escobar appeared on behalf of the government.  As reflected in the minutes,

27   the court ruled from the bench with respect to all but one of the parties' motions in limine.  (Doc.

28   No. 132.)  The court took under submission only defendant's motion to exclude evidence of

1

1    uncharged criminal conduct.  (Doc. No. 115.)[1]

2         The sole remaining issue then before the court is whether the government should be

3    permitted to introduce evidence of a May 7, 2012 incident at defendant's marijuana dispensary

4    when he accused a customer of stealing some marijuana and allegedly held the individual for

5    some time against his will while threatening him with a baseball bat and a gun.  The incident

6    resulted in the filing of charges against defendant in the Kern Court Superior Court.  Those

7    charges were ultimately dismissed, according to the government in light of this federal

8    prosecution.

9         The defense argues that testimony regarding this incident does not qualify for admission

10   under Rule 404(b) of the Federal Rules of Evidence because it is not relevant to the current

11   charges and even if it did qualify for admission under that rule, it should be excluded under Rule

12   403 because its probative value is substantially outweighed by the risk of unfair prejudice

13   stemming from its admission.  (Doc. No. 115 at 2-4.)  The government argues that evidence that

14   the defendant accused a customer of stealing marijuana from him in the course of a marijuana

15   purchase is admissible to establish that the defendant distributed marijuana.  (Doc. No. 129 at 1.)

16   At the hearing the government expounded on the issue, arguing that the witness in question was

17   the only government witness who would testify at trial that the defendant had offered marijuana

18   for sale at his dispensary.[2]  It is clear that a dispute arose between the defendant and this customer

19   on the day in question.  It is also clear, however, the accounts of the incident by the customer and

20   defendant and his employees vary wildly.

21        Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is

22   substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue

23

---

24   [1]  Even as to that motion most of the issues raised were resolved at the hearing either because the
     government represented it did not intend to introduce the challenged evidence in its case in chief
25   or because evidence relating to defendant's flight and related felony conviction for evading
     officers was found by the court to be admissible either as evidence of consciousness of guilt or for
26   impeachment purposes.

27
     [2]  As indicated at the hearing, this leaves the court to wonder if any effort was made to identify
28   and question any other customers of defendant's business.

1  delay, wasting time . . . ."  In the court's view, the only relevant testimony to be offered by this

2  witness is either that he purchased marijuana from defendant at his business or that the witness

3  went to that location for purposes of purchasing marijuana which was being made available for

4  sale and saw marijuana being sold or being offered for sale.  The fact that the customer was

5  accused of stealing marijuana does not appear to be relevant to the charges pending before this

6  court.  Certainly, any testimony about what occurred thereafter is not only irrelevant but also

7  potentially unfairly prejudicial.  Most importantly, since the accounts of witnesses regarding what

8  happened after the theft accusation was made vary, allowing the admission of testimony on that

9  subject would confuse the issues, mislead the jury, result in undue delay and constitute a waste of

10  time.

11      Therefore, in order to avoid a mini-trial on an uncharged assault, pursuant to Rule 403, the

12  court will limit the testimony by this government witness to whether the witness purchased

13  marijuana from defendant at his business or went to that location for purposes of purchasing

14  marijuana which was being made available for sale and saw marijuana being sold or being offered

15  for sale.  No testimony regarding the alleged assault may be elicited in the government's case in

16  chief.  Accordingly, defendant's motion in limine (Doc. No. 115) is granted in part as set forth

17  above.

18  IT IS SO ORDERED.

19  Dated:   **July 8, 2016**                                          _____

20                                                                                 UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3